IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AURORA LUJAN,

    Plaintiff,

v.                                                                  No. CIV-15-0200 LAM

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

    Defendant.

# ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

**THIS MATTER** is before the Court on Plaintiff's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support (Doc. 30)*, filed May 30, 2016. The Commissioner filed a response in opposition to the motion on June 13, 2016 [*Doc. 31*], and Plaintiff filed a reply on July 15, 2016 [*Doc. 36*]. In her motion, Plaintiff asks the Court for an award of attorney fees in the amount of **$6,650.00** as authorized by the Equal Access to Justice Act (hereinafter "EAJA") at 28 U.S.C. § 2412(d). [*Doc. 30*]. The Commissioner opposes the motion because she asserts that her position in this case was substantially justified. [*Doc. 31*]. Having considered the motion, response, replies, the record in this case, and relevant law, the Court **FINDS** that Plaintiff's motion is well-taken and shall be **GRANTED**.

EAJA provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) there are no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). The Commissioner bears the burden of showing that her position was substantially justified. *See Hackett*, 475 F.3d at 1172. "The test for

substantial justification in this circuit is one of reasonableness in law and fact." *Id.* (*quoting Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)).   The Commissioner must show that her position was "justified to a degree that could satisfy a reasonable person."  *Hackett*, 475 F.3d at 1172 (*quoting Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).   A court's remand order does not mean, *ipso facto*, that the Commissioner's position was not substantially justified; that is, her "position can be justified even though it is not correct . . . if it has a reasonable basis in law or fact." *Hackett*, 475 F.3d at 1172 (*quoting Pierce*, 487 U.S. at 566, n.2).   However, even when the Commissioner prevails on most issues before the district court, the Court can still find that the Commissioner "acted unreasonably in denying benefits at the administrative level." *Hackett*, 475 F.3d at 1174, n.1.

     In this case, this Court entered a **Memorandum Opinion and Order** [*Doc. 28*], which granted Plaintiff's motion to reverse or remand the administrative agency decision, and remanded this case to the Commissioner to properly consider the opinions of Drs. Mobb, Reed, and Mellon. [*Doc. 28* at 22].   The Commissioner contends that her position in this case was substantially justified with regard to Dr. Mobbs' opinions because the ALJ discounted his opinions based on multiple factors, the ALJ reasonably found that an internal inconsistency in Dr. Mobbs' opinions detracted from their reliability, and because, prior to discussing Dr. Mobbs' opinions, the ALJ discussed evidence that contradicted the limitations that Dr. Mobbs found.   [*Doc 31* at 3-4]. With regard to Dr. Reed's opinion, the Commissioner contends that her position was substantially justified because the ALJ found that Plaintiff was more limited than Dr. Reed had found, and because the ALJ incorporated social limitations into the Residual Functional Capacity ("RFC") determination, which could account for the moderate limitations found by Dr. Reed.   *Id.* at 4.

     In the Memorandum Opinion and Order, the Court found that the ALJ failed to properly consider the opinions of Dr. Mobbs, Plaintiff's treating physician, because the ALJ failed to

2

specifically assign a weight to Dr. Mobbs' opinions, and failed to discuss the factors under 20 C.F.R. § 404.1527.  [*Doc. 28* at 14].  The Court further found that the reasons the ALJ gave for discounting Dr. Mobbs' opinions are not properly supported by the record (*id.* at 14-18), and that the Commissioner's citation to the medical evidence in the record in support of the ALJ's findings was an impermissible *post hoc* rationalization (*id.* at 18, n.14, citing *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007)).  The Court rejects the Commissioner's contention that her position was substantially justified regarding the ALJ consideration of Dr. Mobbs' opinions.  As explained in the Memorandum Opinion and Order, the ALJ not only failed to follow the treating physician rule, she also failed to assign how much weight she gave to the opinions and failed to cite to the evidence in the record regarding why she discounted the opinions.  Moreover, the Tenth Circuit has held that where the Commissioner attempts to cure the ALJ's errors based on reasons that the ALJ did not explicitly cite, the Commissioner's position is not substantially justified and the denial of EAJA fees is proper.  *See Hackett*, 457 F.3d at 1175.

      The Court next found that the ALJ failed to take into account the moderate limitations found by Dr. Reed in Section I of his Mental RFC Assessment.  [*Doc. 28* at 19-21].  As explained by the Court, "Dr. Reed should have discussed in his narrative *all of the limitations he found Plaintiff to have in Section I*, and the ALJ should likewise have discussed those limitations in connection with her evaluation of the medical evidence," and the ALJ's "failure to fully account for all of Plaintiff's limitations leaves a significant gap in the ALJ's assessment of Plaintiff's work-related abilities, which requires a remand of this case for further consideration."  *Id.*  The Court rejects the Commissioner's contention that her position was substantially justified because the ALJ found that Plaintiff was more limited than Dr. Reed had found, and because the ALJ incorporated social limitations into the ALJ's RFC determination.  *See* [*Doc. 31* at 4].  As the Court explained in its Memorandum Opinion and Order, the ALJ failed to account for all of the

3

moderate limitations found by Dr. Reed, which included Plaintiff's ability to: "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances;" "complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods;" "ask simple questions or request assistance;" and "maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness."  *Id.* at 20 (citing *Doc. 15-16* at 40 and 41).  Therefore, the Court finds that the Commissioner's position was not substantially justified as to the ALJ's consideration of Dr. Reed's opinions.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Plaintiff's ***Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support (Doc. 30)*** is **GRANTED**, and that Plaintiff is authorized to receive **$6,650.00** in attorney's fees for payment to Plaintiff's attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that, if Plaintiff's attorney is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's attorney shall refund the smaller award to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 n.4 (2010) (explaining that, if a claimant's attorney is ultimately granted attorney fees under § 406(b) out of the claimant's benefit award, the claimant's attorney must refund to the claimant the amount of the smaller fee).

**IT IS SO ORDERED.**

*[signature: Lourdes A. Martínez]*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**